[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
DEFENDANT'S MOTION TO MODIFY ALIMONY AND CHILD SUPPORT (#122.09)
The defendant has sustained his burden of proof and has established that a substantial change of circumstances has occurred since the original order of alimony and child support was entered. The court finds the defendant's 1995 gross income to be $65,000. CT Page 9163
The defendant's current income emanates from the following sources:
(1) Tele-Film Entertainment, Inc.
Gross $ 77,500
Expenses claimed $ 77,295
Less: Salary $45,000 Rent $ 6,000
T E $ 1,500 50% Travel $ 5,000 Misc. $ 500 $ 58,000 ------- --------
 Expenses allowed $ 19,295 -------- Gross Income $ 58,205
(2) Focus Management
a. Consulting fees $ 4,000
 b. Tax service $ 1,000 $ 5,000 --------
(3) Focus Travel Service $ 2,000 -------- 1995 Gross Income $ 65,205
The defendant's motion is granted. The defendant's obligation to pay unallocated alimony and child support for the plaintiff and their two minor daughters who reside with the plaintiff, is reduced to the sum of $2,200 per month. This sum shall be payable at the rate of $1,100 on the first and fifteenth day of each month, in advance. The payments shall be for the same term and subject to the same conditions as ordered at the time the original order was entered. In addition, the defendant shall continue to provide medical insurance for all the minor children. A contingent wage withholding order may enter.
The court notes that the child support guidelines provide the CT Page 9164 following obligations of the parties, with the plaintiff having a gross income of $27,000 per year and the defendant having an annual gross income of $65,000. Under the split custody arrangement, the defendant would be required to pay weekly child support of $271, and the plaintiff would owe $83 per week. This would result in the defendant's obligation to pay to the plaintiff as weekly child support the amount of $188.
The court finds that application of the guidelines would be inappropriate in this case. The court has deviated from the guidelines and entered an unallocated order. The court considered child support in conjunction with a determination of total family support and has concluded that an unallocated order will not result in a lesser economic benefit to the children and tax planning considerations will benefit the entire family.
Commencing with 1995 and continuing for as long as the defendant is obligated to pay alimony and child support, the defendant shall furnish the plaintiff with copies of the federal income tax returns at the time they are annually filed by Tele-Film Entertainment, Inc., Focus Management and the defendant, individually.
The defendant has requested the reduced order be retroactive to January 1, 1994. The present motion was served on the plaintiff on November 4, 1993, but the defendant paid the original order through December 31, 1993.
The defendant's request is granted. He filed his motion promptly when his severance salary from his prior employer was about to terminate and there was merit to his motion.
The evidence revealed that the defendant's income from employment for 1994 was minimal, and the court concludes that no arrearage is due for calendar year 1994.
For the year 1995, the court finds an arrearage due. For the period of January through August, eight months, the defendant's obligation is $17,600 (8 x 2,200). The defendant has paid $3,200 to August 2, 1995, leaving an arrearage of $14,400. The defendant shall pay this balance by October 15, 1995.
PLAINTIFF'S MOTION FOR CONTEMPT (# 127)
The plaintiff has raised several issues within this motion. CT Page 9165 The first claims an arrearage of alimony and child support in an amount in excess of $147,000
For reasons stated in the section of this memorandum relating to the defendant's motion for modification, the court finds the arrearage to be $14,400.
The court finds the defendant's failure to pay the original order in 1994 was not wilful. Therefore, the court finds the defendant not to be in contempt for that period.
However, calendar year 1995 presents a different situation. The defendant's fortunes improved somewhat and, yet, although the three minor children resided with the plaintiff for one-half the year, the defendant contributed less than $3,000 for support during that period. The court can only conclude that the defendant's failure to make more reasonable payments, based on his income, was a conscious decision on his part to set his own priorities and to wilfully disregard his obligations. Therefore, the court finds the defendant to be in contempt for his refusal to make a reasonable attempt to comply with the court order for 1995 payments. The court reserves jurisdiction over the plaintiff's request for counsel fees.
The plaintiff has claimed the defendant owes her for unreimbursed medical expenses for the children through June 9, 1995 in the amount of $1,035 and for medical insurance premiums incurred by the plaintiff in the amount of $1,920.
It appears that there is no basis in the separation agreement that was incorporated by reference in the judgment of dissolution for the plaintiff to be reimbursed for medical insurance premiums. Therefore, this claim is denied.
As to the plaintiff's claim for payment by the defendant for his share of unreimbursed medical expenses, the court finds that the defendant's defense of set-off has merit. The defendant's payment of $5,000 for the services of a psychologist for the needs of the children would entitle him to a larger contribution from the plaintiff for her share of this expense than the amount claimed against the defendant. The plaintiff's request for relief is denied.
The plaintiff may claim the three minor children as dependent exemptions for income tax purposes for the calendar year 1994. For CT Page 9166 calendar year 1995 and for future years, the plaintiff may claim the two minor daughters and the defendant may claim the minor son.
MOTION FOR FEES BY COUNSEL FOR THE MINOR CHILDREN
The parties have stipulated that the fee to date requested by the attorney for the minor children is fair and reasonable. The fee is $7,660, and the defendant has paid $5,000, leaving a balance due of $2,660.
Based on a consideration of the evidence, including an examination of the current financial affidavits of the parties, the court orders the defendant be responsible for 75% of Attorney Henderson's total bill, and the plaintiff 25%. Therefore, of the balance due, the plaintiff shall pay $1,915 and the defendant shall pay $745.
Orders may enter accordingly.
NOVACK, J